UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**FLOYD L. WILLIAMS,**

    **Defendant.**

Case No. 2:18-cr-2
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Floyd L. Williams' Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A)(i) for Immediate Compassionate Release Due to Health and COVID-19 Reasons. (ECF No. 132). The Government opposes release. (ECF No. 133). For the reason stated below, Mr. Williams' Motion, (ECF No. 132), is **DISMISSED without prejudice**.

**I.**

On June 13, 2019, Mr. Williams pleaded guilty to conspiring to possess with intent to distribute 400 grams or more of fentanyl and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B). (*See* ECF Nos. 81, 109). This Court sentenced Mr. Williams to 87 months of imprisonment, minus time served, to be followed by 5 years of supervised release. (ECF No. 126). Mr. Williams is now serving his sentence at FCI Milan in Michigan. He has served approximately 3 years of his sentence and is set to be released on March 19, 2024. (ECF No. 132). Mr. Williams now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

1

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Williams requests a compassionate release to home confinement. He asserts that he has fully exhausted his administrative remedies, that his release is warranted by extraordinary and compelling circumstances, and that the sentencing factors also warrant his release. (Mot. at 6, 9, ECF No. 132). Mr. Williams, 29, asserts that his respiratory disorders, which derive from a gunshot wound and the subsequent removal of a portion of his right lung, place him at heightened risk of death from COVID-19. (*Id.* at 1–2). The Government responds that Mr. Williams has not demonstrated that he has met the exhaustion requirement. (Gov. Resp. at 1, ECF No. 133). The Government continues that on the merits Mr. Williams' Motion should be denied because he has not demonstrated he is at heightened risk from COVID-19, and because the sentencing factors weigh against Mr. Williams' release. (*Id.*).

The Court is authorized to modify a term of imprisonment upon motion of a defendant only once that defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). This requirement is a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Mr. Williams asserts that he has fully exhausted all administrative remedies, but he has not provided sufficient information for this Court to evaluate this assertion, such as the date when Mr. Williams made the request to his warden, the procedural history of his request, or supporting documentation. (*See* Mot. at 6, ECF No. 132). The Government thus states that Mr. Williams' motion is not yet ripe for disposition, and this Court agrees.

## IV.

Accordingly, Mr. Williams' Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A)(i) for Immediate Compassionate Release Due to Health and COVID-19 Reasons, (ECF No. 132), is **DISMISSED without prejudice**. If Mr. Williams is denied relief by the Bureau of Prisons, he may refile.

**IT IS SO ORDERED.**

**1/4/2021**　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**