# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**FLOYD L. WILLIAMS,**

    **Defendant.**

Case No. 2:18-cr-2
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Floyd L. Williams' Amended Motion for Compassionate Release. (ECF No. 135). The Government opposes release. (ECF No. 136). Defendant has incorporated his prior motion by reference, (ECF No. 132), and the Government has done the same with its prior response. (ECF No. 133). For the reason stated below, Williams' Motion, (ECF No. 135), is **DENIED**.

### I.

On June 13, 2019, Williams pleaded guilty to conspiring to possess with intent to distribute 400 grams or more of fentanyl and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(B). (*See* ECF Nos. 81, 109). This Court sentenced Williams to 87 months of imprisonment, minus time served, to be followed by 5 years of supervised release. (ECF No. 126). Williams is now serving his sentence at FCI Milan in Michigan. He has served approximately 3 years of his sentence and is set to be released on March 19, 2024. (ECF No. 132). Williams asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Williams requests a compassionate release to home confinement. The Court dismissed without prejudice Williams' previous motion for failing to establish that he had exhausted his administrative remedies. (Order, ECF No. 134). Through his amended motion, Williams now provides the Court with documentation establishing that he satisfied his exhaustion requirement on July 8, 2020, when his warden denied his request for a compassionate release. (Exhibit A, ECF No. 135). The Government now concedes the issue of exhaustion. (ECF No. 136).

Proceeding to the merits, Williams submits that his release is warranted by extraordinary and compelling circumstances, and that the sentencing factors weigh in favor of his release. Williams, 29, asserts that his respiratory disorder, which derives from a gunshot wound and the subsequent removal of a portion of his right lung, places him at heightened risk of death from COVID-19. (Mot. at 1–2, ECF No 132). The Government responds that notwithstanding Williams'

3

lung reduction his medical records appear to indicate that he is in good health, and as such the risk of a serious case of COVID-19 is not extraordinary and compelling. (Resp. at 3, ECF No. 136).

When an inmate such as Williams files a motion for compassionate release the Court has "full discretion to define 'extraordinary and compelling'". *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety).

Williams has not demonstrated an extraordinary and compelling reason for his release from incarceration. Given the nature of his respiratory disorder, it is difficult to gauge the effect it could have on a case of COVID-19. However, Williams' relative youth and otherwise healthy disposition suggest that while he may not be in the perfect position to weather a case of COVID-19, he is not among the alarmingly vulnerable either.

The fear of contracting COVID-19 is shared by many, both in the prisons and in the general population. That fear is entirely rational. However, the danger presented by this pandemic would not be lessened by a general release of all persons incarcerated. As a general matter, this Court is not inclined to find extraordinary and compelling reasons warrant an inmate's release unless COVID-19 presents a particularized risk to that inmate, or justice otherwise so requires. Williams' case does not fit that criteria.

**IV.**

For the reasons stated above, Williams' Amended Motion for Compassionate Release, (ECF No. 135), is **DENIED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| <u>2/8/2021</u> | <u>s/Edmund A. Sargus, Jr.</u> |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |